UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE A. NORTHCUTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:05CV851 RWS |
| | ) |
| CITY OF WILDWOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a civil rights case. Defendants John Wild and Lynne Greene-Beldner have moved for summary judgment on the ground of qualified immunity. Defendants have also moved to stay discovery pending my ruling on the qualified immunity issue. Plaintiff has moved to refuse the application for judgment, or in the alternative, for an extension of time to respond to the motion for summary judgment pending further discovery.

District courts have a duty to "exercise [their] discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings" when the defense of qualified immunity is raised. Crawford-El v. Britton, 523 U.S. 574, 598 (1998). As a result, it is possible that Defendants are entitled to a stay of some degree in this case. However, Plaintiff is entitled to respond to the motion to stay. In doing so, Plaintiff shall specify the exact nature of discovery necessary to respond to the motions for summary judgment.

I will stay discovery in this case temporarily until I decide the issues raised in Defendants' motion to stay.

Finally, Plaintiff shall not be required to respond to the pending motions for summary judgment until a sufficient time after I rule on the motion to stay.

Accordingly,

**IT IS HEREBY ORDERED** that discovery is **STAYED** in this case until further Order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Defendants' Motion to Stay in accordance with the terms of this Memorandum and Order.

Dated this 21st day of March, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE