UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE NORTHCUTT, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV00851 RWS |
| ) | |
| CITY OF WILDWOOD, MISSOURI, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant City of Wildwood's Motion for Summary Judgment [#20]. Defendant argues that it is entitled to judgment as a matter of law because:

- Northcutt was not terminated because of any protected speech;

- there was no hostile work environment;

- Northcutt failed to exhaust administrative remedies;.

- Northcutt was an at will employee and could therefore be terminated for any reason;

- the City of Wildwood is entitled to sovereign immunity from suits over its employment decisions;

- Northcutt's claim for workers compensation was not the exclusive reason for her termination;

- and finally, Northcutt has no private cause of action under the city charter.

For the reasons discussed below, I will grant Defendant City of Wildwood's Motion for Summary Judgment in part and deny it in part.

*Background*

This lawsuit is based upon Plaintiff Christine Northcutt's First Amended Petition, which was removed from state court because it includes a claim under 42 U.S.C. § 1983. The undisputed facts in this case are limited to the following: Northcutt is the former municipal court clerk of Wildwood, Missouri. Defendant the City of Wildwood ("Wildwood") terminated Northcutt's employment on January 13, 2003 by a 12-2 vote of its City Council. Northcutt's First Amended Petition claims her termination was unlawful because it infringed on her First Amendment rights (Count I), because it was in retaliation for exercising rights to workers compensation (Count III), or because it violated Wildwood's Charter (Count IV). On December 16, 2005, I dismissed Count II for failure to state a claim based upon Northcutt's allegations that she was terminated because of her husband's political activities.

Defendant John Wild was elected mayor of the City of Wildwood in April 2000 and served in that position through April 2004. Defendant Lynne Greene-Beldner has been the City Clerk for the City of Wildwood since its incorporation. She also served as the interim City Administrator beginning on June 10, 2002 and was in this position at the time of the alleged wrongful discharge.

*Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

Protected Speech

Wildwood argues that it is entitled to summary judgment on Count I because Northcutt was not terminated because of any protected speech. The Eighth Circuit has held that to establish a freedom of speech claim:

> the plaintiff must demonstrate that she has engaged in protected speech (speech on a matter of public concern), that her interest as a citizen in commenting on the issue outweighs the public employer's interest in promoting efficient public service, and that her speech was a motivating factor in the action taken against her. Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 801 (8th Cir. 2004).

The initial question is whether Northcutt was speaking on a matter of public concern. The Supreme Court has held that a public employee's speech is protected activity when he or she speaks "as a citizen upon matters of public concern," but not when he or she speaks "as an employee upon matters only of personal interest." Connick v. Myers, 461 U.S. 138, 147 (1983). Whether speech is of public concern depends on the "content, form, and context of a given statement, as revealed by the whole record." Id. at 147-48.

"Speech that involves a matter of political, social or other concern to the community is of public concern." Calvit v. Minneapolis Pub. Sch., 122 F.3d 1112, 1117 (8th Cir. 1997) (quoting Shands v. City of Kennett, 993 F.2d 1337, 1343 (8th Cir. 1993)). "The form and context are examined to determine whether the public employee speaks as a concerned citizen informing the public that the government is not properly discharging its duties, or merely as an employee speaking about internal practices relevant only to fellow employees." Id. (quoting Cox v. Dardanelle Pub. Sch. Dist., 790 F.2d 668, 672 (8th Cir. 1986)). Here, Northcutt argues that while she did not engage in formal campaigning, she "expressed her opinion as a private citizen that voters should support her husband in his ward and should support the pro master plan candidates and oppose the CTRO candidates in other wards." Her personal gain from this speech does not eliminate the constitutional protections afforded to political speech. Connick v. Myers, 461 U.S. at 147. Viewing the facts most favorable to Northcutt, Northcutt's support for her husband and pro master plan candidates and opposition to CTRO candidates involved a public employee speaking as a citizen on a matter of public concern. Darnell v. Ford, 903 F.2d 556, 563 (8th Cir. 1990).

Speech on a matter of public concern is not protected speech unless "the interests of the employee, as a citizen, in commenting upon matters of public concern [outweigh] the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." Pickering v. Board of Educ., 391 U.S. 563 (1968), quoted in Connick, 461 U.S. at 140. Because Wildwood does not challenge this element, I will treat the balance as weighing in favor of protected speech.

There remains the issue of causation. In Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977), the Court held that a public employee must prove that his protected

speech was a "substantial or motivating factor" in the employer's decision to fire him; the employer may then avoid liability by proving that it would have fired the employee anyway. Whether Northcutt's speech was a "substantial or motivating" factor in Wildwood's decision to fire her and whether she would have been fired anyway are typically questions of fact for the jury. Buzek v. County of Saunders, 972 F.2d 992, 995-996 (8th Cir. 1992). Thereby, summary judgment for Wildwood on this issue would be improper if, construing all the evidence and inferences in Northcutt's favor, reasonable jurors could have concluded differently. See City Nat'l Bank v. Unique Structures, Inc., 929 F.2d 1308, 1312 (8th Cir. 1991).

Wildwood argues that the nine month gap in time between Northcutt's husband's failed campaign and Northcutt being terminated by the City Counsel indicates that there is no causal connection between the events. Additionally, Wildwood argues that it had other objectively reasonable basis for the City Council's termination of Northcutt's employment and that any public speech that could be attributed to Northcutt was not a factor in her termination.

As discussed below, Northcutt has presented evidence that the City began retaliating against her by creating an allegedly hostile work environment almost immediately after her husband announced his candidacy for the City Counsel. Additionally, Northcutt has presented evidence that refutes Wildwood's alleged basis for terminating Northcutt. At this early stage of discovery, a question of material fact exists regarding causation.

I will deny summary judgment on Count I.

<u>Hostile Work Environment</u>

Wildwood argues that Northcutt cannot prove any recognized elements of a hostile work environment. The Eighth Circuit "has repeatedly cautioned that summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact

based." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998). "Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Id. Northcutt has put on evidence of the following:

- The assistant court clerk was transferred from her position and reassigned within the City requiring Northcutt to exclusively perform the duties of court clerk even though there was too much work for one person. This position was not filled under after Northcutt's termination even though it was budgeted, advertised and applications had been received in order to prevent Northcutt from being able to effectively perform the duties of the court clerk;

- Northcutt was not allowed to use overtime to complete her work, even though other City employees were approved for overtime and overtime had been budgeted for the municipal court;

- Northcutt was demeaned by Greene-Beldner;

- Northcutt's name plate was removed from the counter and never replaced;

- Water was poured on Northcutt's desk and rolodex;

- A screw to the door control mechanism for the door located next to Northcutt's office was removed so that the door would slam against Northcutt's door whenever it was opened, thereby annoying Northcutt and distracting her from her work. Northcutt instructed a city worker to fix the problem by replacing the screw, but the City employee who fixed the door was later instructed to remove the screw from the door mechanism so that it would continue to slam into Northcutt's office;

- Northcutt was treated differently and less favorably than other City employees, including but not limited to the use of flex-time and comp-time;
- Other City employees were warned that it would not be wise for them to associated with Northcutt, thereby isolating her in City Hall; and
- City employees who associated with Northcutt were accused o f not being team players and/or playing for the wrong team in associating with Northcutt.

Wildwood offers its own evidence that these allegations are untrue or are not evidence of a hostile work environment. At the summary judgment stage I must view the evidence in the light most favorable to Plaintiffs who are the nonmoving party. Lynn, 160 F.3d at 486. Summary judgment is not appropriate unless all of the evidence points one way and is not susceptible to a reasonable inference for Plaintiffs. Hindman, 145 F.3d at 990. At this early stage of discovery, a question of material fact exists regarding whether a hostile work environment existed.

I will deny summary judgment on Count I regarding the existence of a hostile work environment.

Failure to Exhaust Administrative Remedies

Wildwood argues that the Court has no jurisdiction over the subject matter of the First Amended Petition because Northcutt did not exhaust her rights and remedies under the Administrative Review Procedure set out in the Wildwood City Code, chapter 150. U.S.C. § 1983 "contains no judicially imposed exhaustion requirement." Edwards v. Balisok, 520 U.S. 641, 649 (1997). Therefore, absent some other bar to a § 1983 claim, Count I of Northcutt's claim may proceed.

Northcutt argues that her state law claims in Counts III and IV are also not barred by the Wildwood City Code, because chapter 150 does not apply to these claims. Section 150.030 states that:

> The administrative review procedures set forth in this Chapter shall apply to all final actions of any City Officer, employee, board, commission, or the Council that are claimed by an aggrieved party to be unlawful or an unconstitutional taking of property without compensation.

The parties dispute whether "unlawful" modifies "final actions" or "takings if property." Because I find that "unlawful" modifies "final actions," Northcutt did have a duty to exhaust administrative remedies under chapter 150. Northcutt's statement of facts alleges only that she requested arbitration and referral of her claims to the Council's Administration and Public Relations Committee. These actions do not comply with the procedures laid out in chapter 150 to fully exhaust administrative remedies. Therefore, because Northcutt did not exhaust her administrative remedies, I will grant summary judgment in favor of Wildwood on Counts III and IV.

At-Will Employee

Wildwood claims that Northcutt was an at-will employee of Wildwood because the ordinance appointing her did not provide her a specific term or otherwise limit the grounds on which she could be discharged. Krasney v. Curators of University of Missouri, 765 S.W.2d 646, 651-652 (Mo. Ct. App. 1989). Absent a statutory provision to the contrary, as an at-will employee in Missouri, Northcutt could be discharged "for cause or without cause" or even "for no reason or for an arbitrary or irrational reason." Singleton v. Cecil, 176 F.3d 419, 422 (8th Cir. 1999) (quoting Dake v. Tuell, 687 S.W.2d 191, 193 (Mo. 1985) and Shawcross v. Pyro Prods., Inc., 916 S.W.2d 342, 343 (Mo. Ct. App. 1995) (quotations omitted)).

Northcutt disputes whether her employment-at-will status was limited by the City's Charter, but argues that even if she was an at-will employee, this status does not bar her claims under the First Amendment and the Worker's Compensation Act. As discussed above, Northcutt failed to exhaust her administrative remedies on Counts III and IV. Therefore, I need not consider the remaining substantive issues raised in Wildwood's motion for summary judgment on Counts III and IV.

Consistent with the Supremacy Clause of the United States Constitution, "conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law." Martinez v. California, 444 U.S. 277, 284 (1980). To hold otherwise would make federal rights illusory. Id. I will deny summary judgment on Count I.

Sovereign Immunity

Wildwood concedes that a municipality has no sovereign immunity from suit under 42 U.S.C. § 1983. Owen v. City of Independence, 445 U.S. 622, 647-48 (1980). However, Wildwood still contends that Counts III and IV of Northcutt's First Amended Petition are barred by sovereign immunity. As discussed above, Northcutt failed to exhaust her administrative remedies on Counts III and IV. Therefore, I need not consider the remaining substantive issues raised in Wildwood's motion for summary judgment on Counts III and IV.

Worker's Compensation Claim and Private Cause of Action Under City Charter

Wildwood argues that Northcutt has no claim under section 287.780 because her submission of accident report forms to Wildwood's insurer was not the exclusive reason Wildwood terminated her employment. Wildwood also argues that Northcutt has no private cause of action based on Wildwood's City Charter. As discussed above, Northcutt failed to exhaust her administrative remedies on Counts III and IV. Therefore, I need not consider the

remaining substantive issues raised in Wildwood's motion for summary judgment on Counts III and IV.

Accordingly,

**IT IS HEREBY ORDERED** that the City of Wildwood's Motion for Summary Judgment [#20] is **GRANTED** in part and **DENIED** in part. Summary judgment shall be granted in favor of the City of Wildwood on Counts III and IV of Northcutt's claim and denied on Count I.

**IT IS FURTHER ORDERED** that the City of Wildwood's Motion to Strike Northcutt's Supplemental Statement of Facts and Surreply in Opposition [#124] is **DENIED** as moot.

Dated this 30th day of March, 2007.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE